UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

JAY JALABAPA, LLC,

                    Plaintiff,

vs.

OYO HOTELS, INC.,

                    Defendant.

CIVIL ACTION NO.
_____

JURY DEMAND

## COMPLAINT

Plaintiff Jay Jalabapa, LLC ("Plaintiff") brings this action for breach of contract, breach of fiduciary duty, and conversion, showing the Court as follows.

## PARTIES

1.     Plaintiff is a Georgia limited liability company, with its members citizens and residents of the State of Georgia.

2.     Defendant Oyo Hotels, Inc. is a Delaware corporation with its principal place of business in the State of Texas. It may be served via its Georgia registered agent, Northwest Registered Agent Service, Inc., 8735 Dunwoody Place, Suite N, Atlanta, Georgia 30350.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter involves a dispute between parties with complete diversity of citizenship and the amount in controversy exceeds $75,000.

4.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events, statements and omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

## FACTS

5.     Plaintiff and Defendant entered into a Marketing, Consulting and Revenue management Agreement effective November 27, 2020 (the "Agreement").

6.     The Agreement has been amended four times, most recently on December 30, 2023.

7.     Under the Agreement and the amendments thereto, Plaintiff was to own and operate a hotel under the Oyo brand located at 7517 Tara Blvd., Jonesboro, GA 303236. Defendant was to provide capital for initial improvements to the hotel and ongoing revenue management services, in addition to permitting Plaintiff to use Defendant's name, trademarks, and trade dress.

8.     Plaintiff has already paid back to Defendant the initial capital investment.

9.     In exchange for Defendant's provision of revenue management services, Defendant was to deduct a flat, base fee every month and variable fees based on

credit card processing fees, a distribution fee for reservations booked through certain channels provided by Oyo, and third-party fees associated with booking, from distributions to Plaintiff.

10.    The variable fees deducted by Defendant are exclusively within the knowledge and control of Defendant.

11.    Plaintiff has relied, and continues to rely, on Defendant to deduct the appropriate amount of variable fees from monies owed to Plaintiff but managed and paid by Defendant.

12.    Plaintiff recently learned that Defendant has been deducting excess amounts from moneys owed to Plaintiff under the guise of "service costs," credit card processing fees, and third-party booking fees.

13.    The amounts Defendant has been deducting from Plaintiff are far in excess of what is common and typical in the hotel industry.

14.    The amounts Defendant has been deducting from Plaintiff are not authorized under the Agreement or the amendments thereto.

15.    To date, Defendant has deducted at least $158,000.00 in excess fees that are owed to Plaintiff under the Agreement and the amendments thereto.

16.    Defendant falsely represented to Plaintiff that Defendant was only deducting amounts authorized pursuant to the Agreement and amendments thereto.

17.   Defendant specific and identifiable monies paid by customers of Plaintiff for reservations and hotel bills for Defendant's own use.

## CAUSES OF ACTION

## COUNT I

(Breach of Contract)

18.   Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-18 as if fully set forth herein.

19.   Plaintiff and Defendant entered into an Agreement and series of four amendments thereto, which authorized Defendant to deduct certain amounts owed to Plaintiff for hotel bookings and bills.

20.   Defendant deducted significantly greater amounts than was authorized under the Agreements.

21.   Defendants breached the Agreement and amendments thereto by deducting over $158,000.00 more than was authorized to be deducted under the Agreement and amendment thereto.

22.   Defendant is liable to Plaintiff for, and Plaintiff hereby seeks, the excess amounts deducted and for Plaintiff's reasonable attorney's fees and costs of litigation.

## COUNT II

(Attorney's Fees Under OCGA 13-6-11)

23. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-22 as if fully set forth herein.

24. Defendant has been stubbornly litigious and acted with fraudulent intent in refusing to resolve this matter, for which Defendant lacks a good-faith defense, prior to litigation.

25. Plaintiff made multiple attempts to resolve this matter prior to litigation or retaining litigation counsel.

26. As a result of Defendant's stubborn litigiousness and bad faith, Plaintiff was required to retain undersigned counsel and pursue litigation.

27. Plaintiff is therefore entitled to, and hereby seeks, its reasonable attorneys' fees and costs of litigation in pursuing this matter.

## COUNT III

(Breach of Fiduciary Duty)

28. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-17 as if fully set forth herein.

29. Defendant acted as a custodian of moneys owed to and owned by Plaintiff, and acted as a fiduciary with respect to moneys received for Plaintiff and monies owed to Plaintiff.

30.    Plaintiff entrusted Defendant to act as a custodian and payor for monies paid and owed to Plaintiff, and relied on Defendant to deduct appropriate amounts pursuant to the Agreement and amendments thereto and to transmit to Plaintiff monies Defendant held in trust for it.

31.    Defendant acted as a fiduciary of Plaintiff and owed fiduciaries duties to Plaintiff.

32.    Defendant breached its fiduciary duties to Plaintiff by: 1) retaining for Defendant's benefit monies owed to Plaintiff; and 2) misrepresenting to Plaintiff the amounts Defendant was deducting and the amounts Defendant was entitled to deduct under the Agreement and amendments thereto

33.    Defendant breached the trust Plaintiff placed in Defendant to act as an honest fiduciary and custodian of monies owed and belonging to Plaintiff.

34.    Defendant's breach of fiduciary duties to Plaintiff caused Plaintiff in excess of $158,000.00 in monetary damages, attorneys' fees, and costs of litigation.

35.    Defendant's breaches of fiduciary duty were made with willful and wanton disregard for Plaintiff's rights and with a specific intent to harm Plaintiff.

36.    Defendant knew, and reasonably should have anticipated, that its breaches of fiduciary duty would cause significant monetary harm to Plaintiff.

37.    Plaintiff is entitled to punitive and exemplary damages against Defendant in an amount in excess of $250,000.00.

## COUNT IV

(Conversion)

38.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1-17 as if fully set forth herein.

39.    Defendant had in its custody and possession specifically identifiable funds owned and payable to Plaintiff, which funds were paid to Defendant by customers of Plaintiff.

40.    Defendant converted at least $158,000 in funds owed to Plaintiff for its own use, without legal justification or right.

41.    Defendant's conversion was made with willful and wanton disregard for Plaintiff's rights and with a specific intent to harm Plaintiff.

42.    Defendant knew, and reasonably should have anticipated, that its conversion would cause significant monetary harm to Plaintiff.

43.    Defendant knew, and reasonably should have anticipated, that its breaches of fiduciary duty would cause significant monetary harm to Plaintiff.

44.    Plaintiff is entitled to punitive and exemplary damages against Defendant in an amount in excess of $250,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff is entitled to a judgment against Defendant awarding Plaintiff:

1. Compensatory damages in an amount to be determined at trial, but not less and $158,000.00;

2. Punitive damages in an amount to be determined at trial;

3. Costs and attorneys' fees incurred in connection with this action; and

4. Such further and other relief as this Court deems just and proper.

Plaintiff respectfully demands a trial by jury of all issues so triable.

Dated:        April 30, 2025

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Daniel Delnero*
Daniel Delnero
Georgia Bar No 347766
BGD Legal & Consulting
3017 Bolling Way NE, Suite 130
Atlanta, GA 30305
Telephone: 770 864 7740
Email: daniel.delnero@bgdlc.com

*Attorneys for Plaintiff*

</div>